JAMES L. LOCKWOOD and HIRAM BARRETT
*versus* JOHN SCUDDER and EDWIN WILCOX
March 31, 1842.

J. G. Atterbury, attorney for plaintiff.
A. D. Fraser, attorney for defendant.


[INDORSEMENT]

Sup. Court 1ˢᵗ Cir. Janʸ '42

Lockwood et al
     vs.
Scudder et al

       Mo. to quash
Attachment—

    Mem° of opinion
29 March '42

[OPINION]

James L. Lockwood &
Hiram Barrett
    vs.
John H. Scudder &
Edwin Wilcox

Motion to quash and set aside proceedings on a writ of Attachment. Certified from Wayne Circuit, Court, on a statement of Facts agreed upon by the Attys of the parties.

From the facts agreed on it appears that the Plffs on the 2 Feby '41, obtained from the Clerk of the Cir. Court of Wayne Co. on the usual affid[t]—of indebtness and that Defts were non residents a writ of Attach. against the Deft, returnable the next May term—And afterwards on the same day, filed an affid[t] that Defts had property in the County of Hillsdale, and another affid[t] that Henry A. Delavan of the Co. of Hillsdale, had monies & effects in his hands belonging to the Defts—And upon these affid[ts]—obtained another writ of Attach[t] directed to the Shff of Hillsdale County and returnable at the said May term. To the the first writ, directed to the Shff of Wayne County, the Shff returned that he could find no goods, &[c]&[c] in the County where onto levy the Attach[t]—

Under the 2[d] writ of Attach[t] directed to the Shff of Hillsdale, H. A. Delavan was summoned as Garnishee, and on the return of the writ appeared and admitted that he had moneys and effects of Defts in his hands—

At the May Term '41 the Defts Atty moved the Court below to quash & set aside all the proceedings.

The grounds relied upon in support of this mo. are

1. That as the writ directed to the Shff of Wayne Co. was not levied on any property, the second writ directed to the Shff of Hillsdale Co. was issued without any authority of law—

2. That the Cir. Court for the County of Wayne could only acquire jurisdiction of the cause by return of the writ of Attach[t] upon property within that County, and as no property was attached on that writ, or any other proceedings had upon it, by which the Cir. Court could acquire jurisdiction, that Court cannot take jurisdiction of the cause in virtue of the issuing and service of the writ directed to Hillsdale Co.

3. That if the writ of Attach[t] issued to the County of Hillsdale was regularly issued, yet the Plffs could not on such writ, proceed against the rights, credits &c in the hands of the Garnishee, but could only proceed to attach the lands, tenements, goods or chattels of the Defts situate in that County—

In opposition to the motion, and in support of the proceedings it is contended

That the Stat. authorised the issuing of the second writ of Attach[t], on the taking of the writ of Attach[t] in the proper County; and that the jurisdiction of the Court over the cause on the service of the 2[d] writ, was not dependent upon the taking of property on the original writ—And that inasmuch as the Statutes directs that the same proceeding shall be had upon the 2[d] writ as upon the original writ—The Plffs had a right to Garnishee any one having moneys, credits or effects in his hands belonging to the Defts—& that *choses* in *action,* are properly included under terms "goods & chattels" mentioned in the Stat.—

The determination of the questions raised in this case will depend upon the construction of the Stat. for—

It is not, and cannot be questioned, that the Legislature may, if it deems proper, give jurisdiction to the Circuit Court of any County in cases of Attach[t] by the service of a writ of Attachment in any other County in the State—

The first seventeen Sections of Chap. 1, Title 4, Part 3[d] of the Rev. Stat. provide for the issuing, and serving writs of Attach[ts] and the manner of proceeding to judg[t]—

The 18th Sect., under which the 2<sup>d</sup> writ of Attach<sup>t</sup>, was issued in this case, provides, that "In all cases of Attachments in virtue of the provisions of this Chapter, if the Plff, or some other person in his behalf, shall make and file with the Clerk an affid<sup>t</sup>, stating therein that he believes that the Deft in Attach<sup>t</sup>, has lands, tenements, goods or chattels, situate in any other county in this state, naming therein the county, the clerk shall, on application in behalf of the Plff, make out and seal another writ of attach<sup>t</sup>, directed to the Shff, or other proper officer of the County in which such property shall be, who shall serve and return the same in the same manner, and under the same liabilities and penalties, as if such writ had issued, and been made returnable in his own County: and on such writ being executed, the same proceedings shall be had, as hereinbefore prescribed—"

The contingency, declared by the Stat., upon which a second writ may be taken into another county, is the pendency of an attach<sup>t</sup> in virtue of the previous provisions of that Chapter.

The words of the Statute are " in all cases of Attach<sup>t</sup>" &c. seem to me to require that a suit in Attach<sup>t</sup> be pending—that property has been attached on the original writ, or a Garnishee summoned, so as to give the Court jurisdiction, on the original writ, before another writ may be issued into another County—

It does not appear to have been the intention of the Legislature to give jurisdiction by the issuing of the second writ, but when jurisdiction has been acquired by an attach<sup>t</sup> of property, or by summoning the Garnishee under the original writ, to give additional and further process, to perfect the remedy, and reach other property of the Defts.

Such, we should naturally suppose was the intention of the Legislature, and there is nothing in the Stat. which requires a different construction—On the contrary, the very

language of the Stat. seems to require such a construction—

The very language employed seems to require, that, before the second writ shall isssue, an attachment shall be pending over which the Court has jurisdiction—

The language is "In *all cases of Attachment* in *virtue* of the *provisions* of this chapter" — —

This does not mean, merely the issuing of the writ—It includes also such proceedings on the writ, as to give the Court jurisdiction, and when that jurisdiction has attached, then the Plffs may proceed, under the 18th Section, to bring within the jurisdiction of the Court any property which may be found in another County—

—And besides, if jurisdiction may be acquired in virtue only of the service of the collatteral writ, a suit may be commenced in a Cir. Court in any County, when there is no property, and for the very purpose of attaching property in another County—For in order to obtain a writ of Attach$^{t}$ it is not necessary that an affid$^{t}$ should be made stating that the Deft has property in the County.—

Statutes of this description, giving a special remedy in derogation of Common law rights, are to be strictly construed

Mo. granted—&$^{c}$